TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00643-CV






In the Matter of G.J.F.







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-07-0713-AG, HONORABLE PAMELA TALLEY, ASSOCIATE JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 The Office of the Attorney General of Texas appeals from the trial court's signing of
an Order Confirming Non-Agreed Child Support Review Order and a Final Child Support Review
Order. The attorney general contends that the associate judge abused her discretion by (1) holding
a hearing on a non-agreed child support order absent a request for a hearing, and (2) signing the
non-agreed child support order after deleting certain portions of the proposed order. None of the
other affected parties have filed any briefing or other response in this appeal. We affirm.

 This appeal arises from the attorney general's petition for confirmation of a
non-agreed child support order for the benefit of G.J.F. under chapter 233 of the family code. 
See Tex. Fam. Code Ann. §§ 233.001-.029 (West 2002 & Supp. 2008). The purpose of the chapter
is to enable "expedited administrative actions to establish, modify, and enforce child support and
medical support obligations, to determine parentage, or to take any other action authorized or
required under Part D, Title IV, of the federal Social Security Act (42 U.S.C. Section 651 et seq.),
and Chapter 231." (1) See id. § 233.001(a) (West 2002). The attorney general is the Title IV-D agency
for Texas. Id. § 231.001 (West 2002). A child support review order issued under chapter 233 must
include "all provisions that are appropriate for an order under this title, including current child
support, medical support, a determination of any arrearages or retroactive support, and, if not
otherwise ordered, income withholding." Id. § 233.017(a) (West 2002).

 When notice is given to the parties of the filing of a petition for confirmation of a
non-agreed order, a party may request a court hearing not later than the 20th day after the date the
petition was delivered to the party. Id. § 233.023 (West 2002). If a party requests a hearing, the
court can either sign the proposed order, sign a different order, or deny all relief requested. Id.
§ 233.027 (West Supp. 2008). "A court may not hold a hearing on the confirmation of a
nonagreed child support review order if a party does not timely request a hearing as provided by
Section 233.023." Id. § 233.026(b) (West Supp. 2008). If no request for a hearing is timely
received, "the court shall confirm and sign a nonagreed child support review order not later than the
30th day after the date the petition for confirmation was delivered to the last party entitled to
service." Id. § 233.0271(a) (West 2002).

 In this case, the petition recites that, although duly notified, neither parent appeared
at the negotiation conference. The order attached to the petition includes findings regarding
paternity, conservatorship, possession and access, current child support (set at $663 per month
beginning June 1, 2007), health insurance, and retroactive child support ($5,304) calculated from
ten days after the child was born. Attached to the petition were the father's acknowledgment of
paternity, signed three days after the child was born, and an investigative report stating the
father's average monthly gross income is $4,410.52.

 The attorney general asserts that the court abused its discretion by holding a hearing
on the non-agreed child support order. See id. § 233.026(b). Although no party requested a hearing,
the associate judge held one. In such a circumstance, the family code expressly prohibits the court
from holding a hearing on the non-agreed child support order. Id. To the extent that the hearing
concerned the confirmation of the non-agreed child support order, (2) the court erred by holding a
hearing. However, because there is no showing that the error in holding a hearing either (1) probably
caused the rendition of an improper judgment or (2) probably prevented the attorney general
from properly presenting this appeal, the judgment may not be reversed on the basis of this error. 
See Tex. R. App. P. 44.1(a).

 The attorney general next asserts that the trial court abused its discretion by
"refusing to sign the child support review order that the Attorney General had asked to be confirmed
and by signing a different order instead." The attorney general relies on section 233.0271(a) of
the family code, which provides that, "[i]f a request for hearing has not been timely received,
the court shall confirm and sign a nonagreed child support review order not later than the
30th day after the date the petition for confirmation was delivered to the last party entitled to
service." Tex. Fam. Code Ann. § 233.0271(a). The attorney general argues that the court's failure
to confirm and sign the attorney general's proffered order in exactly the form proposed:


 creates a due process problem because the parties might not have requested a hearing
because they have decided that they are satisfied with the child support review order
which the Attorney General had asked to be confirmed. But they might not be
satisfied with the order that the court changed sua sponte. . . . A sua sponte revision
of the order without notice to the parties deprives the parties of a basic element of
due process: notice and an opportunity to be heard.


The attorney general requests that we reverse the trial court's order and render judgment confirming
the order it proposed to the trial court.

 We do not find a basis for reversal in this record. The statute requires that the
trial court sign "a nonagreed child support review order." Id. The statute does not require that the
court sign any non-agreed child support review order that is proposed to the court without review
or alteration even if the order is not supported by required documentary evidence or statutory
authority. Had the legislature intended for non-agreed child support review orders to be confirmed
without any scrutiny whatsoever by the court regardless of the content of the proposed order, such
an extraordinary intention would need to be apparent from the text of the statute. (3) If that were the
legislature's intention, there would be no purpose for the statute's requirement that the attorney
general attach to its petition for confirmation of a non-agreed order specific documentary evidence
supporting the order. See id. § 233.020(b) (West 2002). The legislature could have allowed the
attorney general to wait until a party requested a hearing before producing the documentary evidence. 
It did not. The legislature must have envisioned that courts would, even in cases where no hearing
is requested, examine the contents of the non-agreed child support order and the documentary
evidence supporting the petition to be sure the order complies with statutory requirements. Under
the attorney general's interpretation, courts could be required to confirm and sign orders that include
elements unsupported by any evidence or that range far beyond the scope of child support
issues--elements that might prove harmful to the child's best interest. We conclude that a court
declining to simply sign a non-agreed child support order proposed by the attorney general, without
more, is not a violation of section 233.0271(a).

 In this case, the associate judge signed orders entitled "Order Confirming Non-Agreed
Child Support Review Order (After Hearing)" and "Final Child Support Review Order." The
court's order includes provisions establishing paternity and providing for current child support
and health insurance. The court interlineated a statement explaining why it did not include
certain elements in the signed order that were included in the order proposed by the attorney general:
"The Court declines to enter any orders regarding conservatorship, retroactive support or visitation
as no evidence is before the Court on said issues. These issues are reserved for hearing upon petition
of either party." The court later explained in an order signed November 21, 2007, that at the August
hearing it found that the


 Attorney General lacked standing to request relief as to conservatorship and
possession of the child and further that even if the Attorney General had standing to
request relief as to conservatorship and possession of the child, that there was no
documentary evidence filed with the Petition to support findings/orders concerning
conservatorship and possession and no evidence was presented at the hearing
concerning conservatorship and possession. The Court further found that the
Attorney General did not have an interest in the issue of retroactive child support
and further than even if the Attorney General had an interest in the retroactive
child support, that there was no documentary evidence filed with the Petition to
support findings/order concerning retroactive child support and that no evidence was
presented at the hearing concerning retroactive child support. Thus, the Court denied
relief as to the issues of conservatorship, possession and retroactive child support,
reserving the issues for hearing upon proper petition of either parent or a party with
standing and/or interest in said issues.


The court reviewed the petition and the documentary evidence and found the order presented
exceeded both the evidence presented and the scope of the authority granted by the statute. The
attorney general has not argued or demonstrated that the trial court's determinations on these issues
were erroneous.

 Even if the trial court erred, the attorney general has not demonstrated any harm from 
the error. We are not persuaded that the judgment entered is improper. Tex. R. App. P. 44.1(a)(1).
We are also not persuaded that the attorney general has demonstrated standing to assert that the
court's action deprived the parents of due process. Furthermore, we are not persuaded that the
attorney general has demonstrated that the parents were deprived of due process. If either parent was
not satisfied with the order that the court entered, the parent had a statutory right to file a motion for
new trial. See Tex. Fam. Code Ann. § 233.0271(b). We find nothing in the statute that barred either
parent from filing a notice of appeal. Neither parent filed a motion for new trial, a notice of appeal,
or a brief on appeal. (4) We find no reversible error in the trial court's order.

 Affirmed.



 

 G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: August 29, 2008
1. The United States Code provides as follows:


 For the purpose of enforcing the support obligations owed by noncustodial parents
to their children and the spouse (or former spouse) with whom such children are
living, locating noncustodial parents, establishing paternity, obtaining child and
spousal support, and assuring that assistance in obtaining support will be available
under this part [42 USCS §§ 651 et seq.] to all children (whether or not eligible for
assistance under a State program funded under part A [42 USCS §§ 601 et seq.]) for
whom such assistance is requested, there is hereby authorized to be appropriated
for each fiscal year a sum sufficient to carry out the purposes of this part [42 USCS
§§ 651 et seq.].

 

42 U.S.C. § 651. This statute appears in Title 42, Chapter 7, Subchapter IV (Grants to States for Aid
and Services to Needy Families with Children and for Child-Welfare Services), Part D
(Child Support and Establishment of Paternity). Chapter 231 of the Texas Family Code concerns
"Title IV-D services" concerning child support. See Tex. Fam. Code Ann. §§ 231.001-.309
(West 2002 & Supp. 2008).
2. The trial court's hearing notice did not specify the reason for the hearing. The court's order
signed November 21, 2007, indicates that the court set the hearing to explore items in the
child support review order that the court believed either were not supported by
documentary evidence (retroactive child support) or were not properly part of a non-agreed child
support review order when the parents did not participate in the negotiation conference
(conservatorship and possession).
3. For example, there could well be separation of powers issues should the legislature
have intended to require a court to approve and sign an order presented by an agency of the
executive branch without any scrutiny or regard to its content.
4. The father filed a motion for extension of time to file a brief, but then did not file a brief,
a motion for further extension, or a response to this Court's clerk's notice of late brief. This cause
was set for submission three months after the notice of late brief was sent.